*380 OPINION of the Court, by
Judge Logan.
— -Samuel Kennedy, the appellee, commenced his action of deti-nue against the appellant for a negro girl, claiming her umjer a purchase from Charles Ford. The appellant, who was the defendant in the court below, relied on his; purchase subsequently made under an execution in his; favor against the estate of the said Ford, and upon establishing the sale to Kennedy as fraudulent agaiaSi creditors.
IVol evidence to prove the cov-nts of a deed to iV*e par. tv's poüeífíon* without notice, to produce it ts ;nad>miIiMes hue evidence that the plaintiff' let up claim to all F’s flaves under a deed he profejfed to have was admiíísMc,,
In support of the second ground of defence, he offered evidence to shew that at the time the plaintiff below first acquired possession of said negro girl, he laid claim to all Ford’s estate, and to 1-5 or 16 negroes, in virtue of a bill of sale from Ford, which the plaintiff adduced when the slaves had been about to be subjected to the demand of Ford’s creditors; and moreover to shew the indigent circumstances and low credit of said Kennedy, as farther evidence of fraud in his alleged purchase.
The court excluded the whole of this evidence, on the objection of the plaintiff’s counsel, and the points are brought before this court by bills of exception, which present the foregoing case.
It was competent for the defendant to shew that the plaintiff’s purchase was fraudulent as to creditors ; and the general lumping claim to Ford’s property was a badge of fraud against creditors which was proper for the consideration of the jury ; and circumstances favorable to the plaintiff’s right, in justly obviating such evidence of fraud, or as unfavorable in leading to a farther confirmation of it,' we think were admissible and ought to have been permitted to the jury. As such, the want of credit and probable means to enable the purchase and payment alleged, were circumstances within the. province of the jury, of the weight of which the jury ought to judge and determine.
An attempt by the defendant’s counsel to prove by parol the contents of the deed in possession of the plaintiff, without notice to produce it, would have been improper ; but to prove that the plaintiff set up claim to all of Ford’s slaves, &c. under a writing which the plaintiff professed to have had, and which was not doubted, was proper ; and this seems to have been . measurably the question before the court. We think the court properly admitted the evidence of Latimore, and rcj.-cted that of Charles Ford’s declarations in the absence of Kennedy ; but upon the points first stated, we are of opim-m that the judgment must be reversed anti the verdict of the jury set aside, and the cause remanded to said court for a new trial; and that the appellee pay to the appellant his costs.